# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JODY SIX,**

    **Plaintiff,**

        **Case No. 2:19-cv-1996**

  vs.

        **Chief Magistrate Judge Elizabeth P. Deavers**

**MYERS WELL SERVICE, INC.,**

    **Defendant.**

## OPINION AND ORDER

With the consent of the parties (ECF No. 15), 28 U.S.C. § 636(c), this matter is before the Court on the Show Cause Order (ECF No. 25) dated December 20, 2019. For the reasons that follow, this action is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

On May 16, 2019, Plaintiff, represented by counsel, filed this action. (ECF No. 1.) On November 8, 2019, Plaintiff's counsel filed a Motion to Withdraw as Counsel. (ECF No. 20.) Although Plaintiff was expressly provided an opportunity to object to the motion (ECF No. 22) and was warned that his failure to object would result in the grant of the motions (ECF No. 21), Plaintiff nevertheless did not respond to the Motion to Withdraw. Therefore, for good cause shown on December 10, 2019, the Court granted Plaintiff's counsel's Motion to Withdraw and terminated Plaintiff's counsel from the docket. (ECF No. 23.) In the same Order, the Court set a telephonic status conference for December 20, 2019. (*Id*.) The Court specifically advised Plaintiff that "he is expected to appear for this conference, either personally or with the

assistance of substitute counsel" and was specifically cautioned that failure to appear would result in an Order directing Plaintiff to show cause why his claims should not be dismissed for failure to prosecute. (*Id.* at 2.)

On December 20, 2019, counsel for Defendant appeared and was prepared to participate in the conference, but Plaintiff failed to appear for the conference. (ECF No. 25 at 1.) Plaintiff did not contact the Court at the time designated for the conference and made no attempt to communicate to the Court that counsel was unavailable. (*Id.*) The Court therefore issued a Show Cause Order, directing Plaintiff to show cause by January 6, 2020, why the Court should not dismiss this case for failure to prosecute. (*Id.*) The Court specifically advised Plaintiff that it would dismiss this case if he failed to respond to the Show Cause Order. (*Id.* at 1 –2 (citing Fed. R. Civ. P. 16(f)(1)(A)).) Although the record reflects that Plaintiff received notice of the Court's Show Cause Order (*see* ECF No. 28), Plaintiff has nevertheless filed no response.

The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, the record demonstrates such delay and contumacious conduct. The Court specifically twice cautioned Plaintiff that failure to comply with its Orders would result in dismissal of this action for failure to prosecute pursuant to Rule 41(b) (ECF Nos. 23, 25). *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate). Plaintiff's failure to timely comply constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Because Plaintiff failed to appear for a status conference and disregarded Court orders, the Court concludes that no alternative sanction would protect the integrity of the pretrial process. For these reasons, this action is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b). The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

IT IS SO ORDERED.

**DATED: January 17, 2020**

*/s/ Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**CHIEF UNITED STATES MAGISTRATE JUDGE**